# Commonwealth of Massachusetts

RECEIVED

2011 JUL 12 PM 12:53

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION OFFICE OF
LEGAL ADVISOR

No. SUCV2011- 2678

John Cox , Plaintiff(s)

v.

Carol R. Johnson , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon W. Chris Kneeshaw, plaintiff's attorney, whose address is 11 Beacon St, #325, Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ____2nd____ day of ____June____, in the year of our Lord two thousand ____2011____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

True Copy Attest
*John Cotter*
7/12/11
Deputy Sheriff Suffolk County

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2011-2078

John Cox , Plaintiff(s)

v.

City of Boston , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon W. Chris Kneeshaw plaintiff's attorney, whose address is 11 Beacon St, #325, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 2nd day of June , in the year of our Lord two thousand 2011.

Michael Joseph Donovan
Clerk/Magistrate

copy Attest:
Deputy Sheriff Suffolk County
6-21-11

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 11-2078 |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JOHN COX | CITY OF BOSTON et al. (see attached) |

Plaintiff Atty: W. Chris Kneeshaw
Address: 11 Beacon Street, Suite 325
City: Boston  State: MA  Zip Code: 02108
Tel.: +1 (617) 973-9950  BBO#: 671,078

Type Defendant's Attorney Name
Defendant Atty:
Address:
City:  State:  Zip Code:

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.  TYPE OF ACTION (specify)  TRACK         IS THIS A JURY CASE?
E03 Claims Against Comm or Municipality - Average Track     [●] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses $ _____
 2. Total doctor expenses $ _____
 3. Total chiropractic expenses $ _____
 4. Total physical therapy expenses $ _____
 5. Total other expenses (describe) $ _____
  Subtotal $ _____
B. Documented lost wages and compensation to date $ _____
C. Documented property damages to date $ _____
D. Reasonably anticipated future medical expenses $ _____
E. Reasonably anticipated lost wages and compensation to date $ _____
F. Other documented items of damages (describe) $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $ _____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

PLEASE SEE ATTACHED ADDENDUM

TOTAL $100,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____  Date: _____
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET ADDENDUM

**DEFENDANTS**

    CITY OF BOSTON,
    DR. CAROL R. JOHNSON, in her capacity as Superintendent of the Boston Public Schools, and
    ERIC WESTON, in his capacity as Chief of Safety Services of the Boston Public Schools

## CONTRACT CLAIMS

**Provide a detailed description of claim(s):**

This civil action is brought for damages Plaintiff suffered and continues to suffer as a result of Defendants' breach of contract, violations of 29 U.S.C. § 2615, and violations of 42 U.S.C. § 1983 during the employer/employee relationship between the parties in which Defendants employed Plaintiff. As a result of Defendant's conduct, Plaintiff incurred actual damages, monetary loss and lost wages, and other consequential and incidental damages, including counsel fees and legal cost that proof at trial will reveal.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, ss.                                                    SUPERIOR COURT DEPARTMENT
                                                                DOCKET NO.:

JOHN COX, )
    Plaintiff )
     )
    v. )
     )               11-2078
CITY OF BOSTON, DR. CAROL R. )
JOHSON in her capacity as )
Superintendent of the Boston Public )
Schools, ERIC WESTON in his )
capacity as Chief of Safety Services of the )
Boston Public Schools, )
    Defendants. )

## STATEMENT OF THE CASE

COMES NOW John Cox as the Plaintiff in the above-styled action and hereby files his Complaint for the recovery of damages incurred as a result of the actions and/or inactions of the Defendant, City of Boston, as Mr. Cox's employer. In support of his claim(s), Mr. Cox shows the Court as follows:

## THE PARTIES

1. Mr. John Cox (hereinafter, "Plaintiff"), is an individual who at all times relevant herein resides at 30 Bradlee Street, Suffolk County, Massachusetts.

2. City of Boston, (hereinafter "Boston"), is a public employer upon which service is to be made at the Office of the City Clerk located at One City Hall Plaza, Room 601, Boston, Suffolk County, Massachusetts.

3. Dr. Carol R. Johnson is a public employee acting on behalf of the City of Boston as Superintendent of the Boston Public Schools with a principal place of business located at 26 Court Street, Boston, Suffolk County, Massachusetts.

4. Chief Eric Weston is a public employee acting on behalf of the City of Boston as Chief of Safety Services for the Boston Public Schools with a principal office located at 26 Court Street, Boston, Suffolk County, Massachusetts.

## FACTS

5. Boston is a public employer pursuant to the applicable provisions of M.G.L. c. 258 and an employer within the confines of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

6. In or around January, 2007, Defendants hired Plaintiff for employment as a police officer with the Boston School Police Department, (the Department), of the Boston Public Schools.

7. During said employment, Defendants failed to provide Plaintiff with an employee handbook or manual which described the internal policies and/or procedures of the Department. Defendants also failed to provide Plaintiff with notice of his rights under the above referenced Family Medical Leave Act as mandated by said Act.

8. In or around March 22, 2009, Plaintiff injured his shoulder and was unable to work. Plaintiff notified Defendants and requested leave from work by providing documentation from medical treatment providers. Defendants approved Plaintiff's leave of absence, and upon recovery, Plaintiff returned to work for Defendants.

9. On or about May 3, 2009, Plaintiff suffered a serious health condition that caused

2

Plaintiff's inability to perform the functions of his job. Plaintiff notified Defendant of this serious health condition and again requested leave from work.

10. Defendants again requested documentation, which Plaintiff provided in similar fashion to past experience as described in Paragraph 7.

11. Subsequently, Defendants, Mr. Hennessey and Mr. Johnson, met with Plaintiff, during which Defendants refused to grant Plaintiff any leave from work for his condition.

12. Plaintiff demanded the opportunity to dispute Defendants' refusal, at which point Defendants advised Plaintiff the he could either resign voluntarily or Defendants would terminate Plaintiff's employment.

13. Plaintiff attempted to dispute Defendants' decision by contacting applicable union representation. However, Plaintiff never received any opportunity or procedure to dispute Defendants' decision.

14. On or about June 5, 2009, Defendants terminated Plaintiff's employment.

15. On December 3, 2010, Plaintiff issued Presentment to the City of Boston in accordance with M.G.L. c. 258 for recovery of damages incurred by Plaintiff as a result of Defendants' conduct.

16 Defendants failed to issue any response to said Presentment and the time period for Defendants to issue a response has expired.

### COUNT ONE as to all Parties
### VIOLATION OF 29 U.S.C. § 2615(a)(1)

17 Plaintiff re-alleges and repeats the allegations in Paragraphs 1 through 14 inclusive, as though fully set forth herein.

18 At the time of employment, Plaintiff was an eligible employee and Defendant,

3

City of Boston, was an employer as defined by 29 U.S.C. § 2611.

19. As such, Plaintiff was entitled to 12 workweeks of leave as mandated by 19 U.S.C. § 2612.

20. Defendant interfered, restrained and/or denied Plaintiff's rights under 29 U.S.C. § 2612 and in violation of 29 U.S.C. 2615(a)(1) by denying Plaintiff's entitlement of leave.

21. As a direct and proximate result Defendant's conduct, Plaintiff suffered damages, including actual damages, monetary loss and lost wages, attorney's fees and costs, as well as other consequential and incidental damages which proof at the time of trial will reveal.

## COUNT TWO as to all Parties
## VIOLATION OF 29 U.S.C. § 2601(a)(2)

22. Plaintiff re-alleges and repeats the allegations in Paragraphs 1 through 19 inclusively, as though fully set forth herein.

23. At the time of employment, Plaintiff was an eligible employee and Defendant was an employer as defined by 29 U.S.C. § 2611.

24. As such, Plaintiff was entitled to 12 workweeks of leave as mandated by 29 U.S.C. § 2612.

25. Defendant discharged and discriminated against Plaintiff in violation of 29 U.S.C. 2615(a)(2) by terminating Plaintiff's employment when Plaintiff attempted to oppose Defendant's improper denial of Plaintiff entitlement to leave.

26. As a direct and proximate result Defendant's conduct, Plaintiff suffered damages, including actual damages, monetary loss and lost wages, attorney's fees and costs, as well as other consequential and incidental damages which proof at the time of trial will reveal.

**COUNT THREE as to all Parties**
**BREACH OF CONTRACT**

27 Plaintiff re-alleges and repeats the allegations in paragraphs 1 through 24 inclusive, as though fully set forth herein.

28 The parties entered into a contract for employment in which Defendant agreed to employ Plaintiff to provide services as a public employee in exchange for compensatory wages.

29 Defendant breached this contract by failing to perform as agreed between the parties and/or breached the covenant of good faith and fair dealing in terminating Plaintiff's employment.

30 As a direct and proximate result Defendant's breach, Plaintiff suffered damages, including actual damages, monetary loss and lost wages, as well as other consequential and incidental damages which proof at the time of trial will reveal.

**COUNT FOUR as to all Parties**
**42 U.S.C. § 1983**

31 Plaintiff re-alleges and repeats the allegations in paragraphs 1 through 28 inclusive, as though fully set forth herein.

32. The actions and/or inactions by Defendant constitute violations of law which deprived Plaintiff of procedural due process as protected by the Due Process Clause of the Constitution of the United States, including, but not limited to:

i. Defendant's failure to give notice or adhere to internal policies and procedures regarding termination of employees;

ii. Defendant's failure to allow Plaintiff due process in dispute of Defendant's decision to deny Plaintiff's leave from work; and

iii. Defendant's failure to allow Plaintiff due process in dispute of

Defendant's decision to terminate Plaintiff's employment.

33. As a direct and proximate result Defendant's breach, Plaintiff suffered damages, including actual damages, monetary loss and lost wages, as well as other consequential and incidental damages which proof at the time of trial will reveal.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and this Honorable Court exercise its legal and equitable powers to order Defendant as follows:

1. Order Defendant pay Plaintiff for all damages, including lost wages, salary, employment benefits, or other compensatory damages, as wells as reasonable attorney's fees and cost incurred as a result Defendant's conduct in accordance with 29 U.S.C. § 2617;

2. Order Defendant to restore Plaintiff to the same position of employment in accordance with 29 U.S.C. § 2614;

3. Order such other and further relief as this Honorable Court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: June 2, 2011

Respectfully submitted,
JOHN COX,
By his attorneys,

Douglas R. Hyne (BBO 659313)
drh@lovenberglaw.com
W. Chris Kneeshaw (BBO 671078)
wckneeshaw@lovenberglaw.com
Lovenberg & Associates
11 Beacon Street, Suite 625
Boston, MA 02108
Telephone: (617) 973-9950
Facsimile: (617) 973-9949